# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. ROHLAND, | : | CIVIL ACTION NO. **1:CV-12-2306** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| M. WENEROWICZ, et. al., | : | |
| Respondents. | : | |

# REPORT AND RECOMMENDATION

## I. Procedural Background.

The Petitioner, William J. Rohland, ("Petitioner") filed a Petition for Writ of Habeas Corpus on November 19, 2012, pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner also filed exhibits and a supporting memorandum. (*Id.*, Att. 1). Petitioner, proceeding *pro se*, names as Respondents Michael Wenerowicz, Superintendent of State Correctional Institution Graterford ("SCI Graterford") and the Attorney General of the State of Pennsylvania.[1] *(Id.)*. Petitioner also filed an *in forma pauperis* motion. (Doc. 2). We granted Petitioner's *in forma pauperis* Motion. (Doc. 5).

The Court issued an Order to Show Cause on November 23, 2012, and directed Respondents to answer to the Petition. (Doc. 5). On December 12, 2012, Respondents filed a Response to the Habeas Petition and a Brief in Support of their response. (Docs. 7 and 8). On December 12, 2012, Respondents also filed an Appendix of Exhibits. (Doc. 9).

---

[1] The only proper Respondent in this matter is the person who has custody of the Petitioner, Michael Wenerowicz, Warden of SCI Graterford. *See* 28 U.S.C. § 2242 & §2243. *See also Nunez v. Lindsay*, 2007 WL 706245, *1, n. 1 (M.D. Pa.)("The proper Respondent in a petition for writ of habeas corpus is the official having custody of the applicant.").

This Court has jurisdiction over Petitioner's Habeas Petition under 28 U.S.C. § 2241 and § 2254. *See Rainey v. Varner*, 603 F.3d 189, 196 (3d Cir. 2010).

On November 23, 2010, Petitioner filed a prior Petition for Writ of Habeas Corpus with this court pursuant to 28 U.S.C. § 2254 with regard to Petitioner's homicide conviction. (1:CV-10-2420). On April 10, 2012, the court adopted our Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied with respect to all claims except for Petitioner's ineffective assistance of trial counsel claim which was to be dismissed without prejudice pending exhaustion. (*Id.*, Doc. 63). The court further remanded Petitioner's ground seven due process claim challenging the fact and duration of his incarceration to us for further consideration. (*Id.*). On October 31, 2012, the court adopted our Report and Recommendation recommending that Petitioner's Petition for Writ of Habeas Corpus ground seven due process claim be denied. (*Id.*, Doc. 75).

On December 26, 2012, Petitioner filed Motion in Limine. (Doc. 10). On January 22, 2013, Petitioner filed a Motion to Correct Record. (Doc. 12). We will address both motions in this report. Petitioner's Habeas Petition is ripe for our review.

**II. Statement of Case.**

We obtained copies of Petitioner's Criminal Docket in his Court of Common Pleas of Lackawanna County Court ("CCP") case on the website http://ujsportal.pacourts.us. We take judicial notice of these Lackawanna County Court Criminal Dockets. We take judicial notice of the Petitioner's Lackawanna CCP, Docket No. CP-35-CR-0001070-2005, which indicates that on October 25, 2005, Petitioner pled guilty to two offenses of Driving Under the Influence of Alcohol or Controlled Substance ("DUI"). On November 22, 2006, Petitioner was sentenced to maximum term of five (5) years. The Respondents do not dispute the fact that Petitioner has served the Lackawanna CCP sentence and that the sentence expired on November 22, 2011. (Doc. 8, p. 3).

Subsequently, Petitioner was charged with two counts of criminal homicide regarding the murder of two individuals on August 15, 2006. (Doc. 9-3 at 1). *See also Commonwealth*

*v. Rohland*, 1861 MDA 2007 (May 26, 2009). After a jury trial, Petitioner was convicted of two counts of first degree murder. (Doc. 9-2 at 4) The Commonwealth sought the death penalty, but the jury deadlocked on whether it should be imposed. (*Id.*) The trial court consequently sentenced Petitioner to two consecutive terms of life imprisonment. (*Id.*). The Superior Court affirmed Petitioner's conviction on May 26, 2009. (Doc. 9-3 at 13). The Supreme Court denied Petitioner's Petition for Allowance of Appeal on April 27, 2010. (*Id.*). As discussed above, Petitioner's Petition for Writ of Habeas Corpus filed in this court related to his homicide case was denied on April 10, 2012 and October 31, 2012. (1:CV-10-2420).

## III. Habeas Petition Claims.

Petitioner contends in his Petition that the length and the duration of his incarceration and continued confinement is in violation of due process and "Expo Facto.[2]" The Petition for Writ of Habeas Corpus challenges the length and the duration of his incarceration and that his continued confinement after the completion of his DUI sentence is a violation of due process and *Ex Post Facto*. (Doc. 1, p. 6). Petitioner's challenge is based on the completion of his sentence on November 22, 2011. (*Id.*). Petitioner alleged that the claim was presented to the Supreme Court of Pennsylvania and is currently pending. (*Id.*, p. 4).

Respondents argue that the Habeas Petition should be denied because Petitioner has not exhausted his state court remedies.[3] (Doc. 8 at 2). Respondents further contend that Petitioner is serving a life sentence and therefore is not being illegally detained. (*Id.* at 3). The record reflects that Petitioner's habeas claim was affirmed by the Pennsylvania Superior Court and that the claim was presented to the Supreme Court of Pennsylvania and is currently pending. (Doc. 9-1, Ex. 1). *See also William Rohland v. Mike Wenerowicz*, 196 MM 2012.

---

[2] It appears that Petitioner is referring to a violation of *Ex Post Facto*.

[3] The habeas statute requires a prisoner to exhaust his claims in state court before seeking relief from federal courts. 28 U.S.C. § 2254(b)(1)(A); *see also Landano v. Rafferty*, 897 F.2d 661, 668 (3d Cir. 1990). *Rainey,* 603 F.3d at 198 ("the federal courts may grant a state prisoner's habeas petition only if the Petitioner 'has exhausted the remedies available in the courts of the State.'"

However, the Supreme Court of Pennsylvania Docket Sheet now indicates that the Petition for Writ of Habeas Corpus was denied on January 14, 2013. On March 26, 2013, the Supreme Court of Pennsylvania denied Petitioner's Petition for Reconsideration. It now appears that Petitioner has exhausted his state court remedies. Thus, we will address the merits of Petitioner's claim.

**IV. Standard of Review.**

Review of the Petitioner's claims is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that a district court is authorized to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2254. A petition for writ of habeas corpus is the exclusive federal remedy for a state prisoner challenging the 'very fact or duration' of his confinement and seeking 'immediate release or a speedier release from that imprisonment.'" *Preiser v. Rodriguez*, 411 U.S. 475, 498-500 (1973).

In evaluating the merits of a state prisoner's habeas petition that has been presented to a state court and adjudicated on the merits, the district court must generally defer to the decisions of the state courts. The AEDPA imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, 562 U.S. ----, 131 S.Ct. 1305 (March 21, 2011) (citation omitted).

A district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same). A decision by a state court is "contrary to . . . clearly established federal law" "if the state court arrives at a conclusion opposite to that reached by the [Supreme] Court on a question of law or if the state court

-4-

decides a case differently than the [Supreme] Court has on a set of materially indistinguishable facts." Rainey, *603 F.3d at 197; Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124; *see Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 887-88 (3d Cir. 1999) (en banc). A decision by a state court unreasonably applies federal law if "the state court identifies the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Rainey, 603 F.3d at 197; *Williams*, 529 U.S. at 413; *Harrington*, 456 F.3d at 124.

The application of §2254(d) entails two steps. First, the court must determine whether "Supreme Court precedent requires an outcome contrary to that reached by the relevant state court." *Matteo*, 171 F.3d at 888 (quoting *O'Brien v. Dubois*, 145 F.3d 16, 24-25 (1st Cir. 1998), overruled in part on other grounds by *McCambridge v. Hall*, 303 F.3d 24 (1st Cir. 2002)). Then, if the court determines that the state court's decision was not "contrary to" federal law, "either because the state court decision complies with the Supreme Court rule governing the claim, or because no such rule has been established," the court must determine whether the state court's application of federal law was an "unreasonable application" of the Supreme Court rule. *Id*. at 889. Unreasonableness is an objective determination; a state court decision is unreasonable if, "evaluated objectively and on the merits, [it] resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id*. at 889-90; *see Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). "The unreasonable application test is an objective one – a federal court may not grant habeas relief merely because it concludes that the state court applied federal law erroneously or incorrectly." *Rainey*, 603 F.3d at 197 (citing *Jacobs*, 395 F.3d at 100).

**V. Discussion.**

Petitioner argues in his Petition for Writ of Habeas Corpus that the length and the duration of his incarceration for the DUI offenses in Lackawanna County and his continued confinement is a violation of due process and *Ex Post Facto*. (Doc. 1, p. 6). Petitioner's challenge is based on the completion of his sentence on November 22, 2011. Petitioner fails to inform the court that he is also serving the life sentence for homicide as referenced above

which has been affirmed by the appellate courts. Therefore, Petitioner is being confined on his life sentence for homicide.

Petitioner contends that the sentence imposed upon him by the Lackawanna CCP reflected five (5) years and his continued incarceration after his completion of the sentence violates his due process rights under the Fourteenth Amendment and is a violation of *Ex Post Facto*. If this were indeed true, it may very well be a violation of his rights, however, Petitioner fails to recognize the fact that he has been sentenced to a life sentence for a homicide conviction. Petitioner does not put forth any federal authority in order to support his Habeas Petition and cannot prove that clearly established federal law was contradicted or unreasonably applied in his continued incarceration for the life sentence imposed upon him.

As we discussed above, a district court may not grant a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in a state court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); *see Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing standard); *Harrington v. Gillis*, 456 F.3d 118, 124 (3d Cir. 2006) (same). Petitioner has cited no relevant authority to support his claim that he is being held in custody beyond the expiration of his sentence violating his due process rights. Thus, we recommend that this claim be dismissed.

Additionally, Petitioner filed a Motion in Limine (Doc. 10) to challenge Respondents' contention that the habeas claim was not exhausted. Although it appears at the time Petitioner filed the Motion in Limine, the claim was not exhausted, the claim is now exhausted and thus, the motion will be deemed moot. Petitioner next filed a motion a Motion to Correct Record. (Doc. 12). Petitioner argued in the motion that the record received from the lower court is incorrect. We will deny this motion on the basis that Petitioner has not presented sufficient evidence or documentation to support his concern that the lower court record presented to this court is incorrect. Specifically, the court reviewed Petitioner's Criminal Docket in his

Lackawanna CCP case at the website of http://ujsportal.pacourts.us. We took judicial notice of the Lackawanna County Court Criminal Dockets. Thus, we will deny this motion.

**VI. Recommendation**.

Based upon the foregoing, it is respectfully recommended that the Petitioner's Petition for Writ of Habeas Corpus **(Doc. 1)** be DENIED. It is also recommended that Petitioner's (**Doc. 10**) Motion in Limine be denied as moot. We further recommend that Petitioner's Motion to Correct Record (Doc. 12) be DENIED.

                          **s/ Thomas M. Blewitt**
                          **THOMAS M. BLEWITT**
                          **United States Magistrate Judge**

**Dated: March 29, 2013**

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. ROHLAND, | : | CIVIL ACTION NO. **1:CV-12-2306** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| M. WENEROWICZ, et. al., | : | |
| Respondents. | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 29, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: March 29, 2013**