# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM ROHLAND** | **CRIMINAL NO. 1:12-CV-2306** |
| **Petitioner** | |
| v. | **(Judge Conner)** |
| **DEPUTY SUPER. MIKE WENEROWICZ, et al.** | |
| **Respondents** | |

## **MEMORANDUM**

Presently before the court is the Magistrate Judge's report (Doc. 13) recommending that William Rohland's ("Rohland") petition (Doc. 1) for writ of habeas corpus be denied, that Rohland's motion (Doc. 12) to correct record be denied, and that Rohland's motion (Doc. 10) *in limine* be denied as moot. Also before the court are a voluminous number of *pro se* motions filed by Rohland.[1] For the following reasons, the court will adopt the report and recommendation (Doc. 13) of the Magistrate Judge, deny Rohland's petition (Doc. 1) for writ of habeas corpus, deny Rohland's motion (Doc. 12) to correct the record, and deny all of Rohland's other motions as moot.

---

[1] Rohland has filed the following additional *pro se* motions: Motion *in Limine* (Doc. 19), Motion to Appoint Counsel (Doc. 22), Motion for Unrestricted View of Original Papers (Doc. 26), Motion for Judge to Review Only Original Papers or Certified Copies (Doc. 27), Motion to Produce Document (Doc. 28), Motion to Suppress Document (Doc. 29), Motion to Clarify (Doc. 30), Second Motion to Appoint Counsel (Doc. 40), Motion to Compel to Produce Documentation (Doc. 46), Motion for Writ of Mandamus (Doc. 52), Motion to Appoint Counsel (Doc. 58), Motion for Immediate Cease and Desist Order (Doc. 64), Motion for Immediate Restraining Order (Doc. 65).

## I.  Standard of Review

Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the report's contested portions. FED. R. CIV. P. 72(b)(3).  The court will review the uncontested portions of the Magistrate Judge's report for "clear error on the face of the record."  See Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (quoting FED. R. CIV. P. 72(b) advisory committee's note (1983)).

## II.  Discussion

On November 19, 2012, Rohland filed a petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking relief in relation to a Lackawanna County Court of Common Pleas judgment.  He named as respondents Mike Wenerowicz, a Deputy Superintendent of the Pennsylvania Department of Corrections, as well as the Pennsylvania State Attorney General.  The underlying offenses were for two counts of driving under the influence, for which Rohland was sentenced to five years imprisonment.  (Doc. 13).  This term of imprisonment expired on November 22, 2011.  (Id.)  Rohland was later convicted of two counts of criminal homicide and received two consecutive terms of life imprisonment in the Luzerne County Court of Common Pleas.  (Doc. 13).  In his petition, Rohland alleged that his continued confinement after the completion of his sentence for driving under the influence was a violation of due process and the *Ex Post Facto* clause of the United States Constitution.  (Doc. 1)  On March 29, 2013, Magistrate Judge issued a report (Doc. 13) recommending that Rohland's petition (Doc. 1) be

denied. Judge Blewitt reasoned that Rohland failed to inform the court that he is currently serving two life sentences from a judgment in Luzerne County and that he has not put forth any law to support his claim that he is being held in custody unlawfully after the expiration of his sentence for driving under the influence. (Doc. 13 at 6).

Additionally, Rohland filed a motion (Doc. 10) *in limine* on December 26, 2012, to challenge respondents' claim that his habeas claim was not exhausted in state court. Judge Blewitt found that Rohland's claim was now exhausted and, therefore, deemed the motion moot. (Doc. 13 at 6). On January 22, 2013, Rohland filed a motion (Doc. 12) to correct the record. Judge Blewitt recommended that this motion be denied because Rohland did not show any evidence that the record presented to this court was incorrect. (Doc. 13 at 6).

After Judge Blewitt filed his report (Doc. 13) and recommendation, Rohland filed a number of pro se motions. He also filed objections (Docs. 44, 45) to the report (Doc. 13), which made it clear for the first time that Rohland is actually contesting the validity of his life sentences. Specifically, Rohland asserts that the Department of Corrections has no legal right to incarcerate him because his life sentences were never memorialized in a written sentencing order signed by a judge. Rohland also contends that he cannot properly appeal his life sentences in state court until such an order is issued. Rohland further asserts that a life sentence violates 42 Pa. C.S. § 9721, which requires a definite term sentence.

3

The court agrees with Judge Blewitt that Rohland has not set forth any valid argument or law to support his claim that he is being held in custody unlawfully beyond the expiration of his five year sentence for driving under the influence. Rohland's objections are without merit. The appropriate avenue to challenge the validity of his life sentences for homicide is in a § 2254 petition seeking relief from the judgment of the court that actually imposed the life sentences: the Luzerne County Court of Common Pleas. See R. GOVERNING § 2254 CASES R. 2(e) ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."). Rohland has already filed such a petition, which the court denied. (See Case No. 1:10-CV-2420, Docs. 1, 63, 64, 68, 75).[2]

---

[2] Moreover, Rohland is likely barred from pursuing a second § 2254 petition concerning the Luzerne County judgment on these grounds. See R. GOVERNING § 2255 CASES 2(c)(1) (stating that a petition must "specify all the grounds for relief available to the petitioner"); R. GOVERNING § 2255 CASES 9 (stating that a petitioner must obtain an order from the appropriate court of appeals before filing a second petition with the district court). Rohland's § 2254 petition seeking relief from the Luzerne County judgment already included allegations concerning the lack of a written sentencing order signed by a judge. (See Case No. 1:10-CV-2420, Docs. 58, 59, 72). The court rejected this argument and dismissed Rohland's petition. (See Docs. 68, 75). Thus, if Rohland asserted this claim in a second § 2254 petition, it would probably be dismissed. See 28 U.S.C. § 2244(b)(1) (stating that any claim in a second or successive § 2254 petition that petitioner already presented in a prior petition will be dismissed). Furthermore, any new arguments would also, in all likelihood, be dismissed. 28 U.S.C. § 2244(b)(2) (stating that any new claim that petitioner presents in a second or successive § 2254 petition will be dismissed unless 1) it "relies on a new rule of constitutional law;" or 2) "the factual predicate for the claim could not have been discovered previously;" and 3) "the facts underlying the claim . . . establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").

4

Therefore, the court will deny Rohland's petition (Doc. 1) for writ of habeas corpus. The court also agrees with Judge Blewitt's recommendation to deny Rohland's motion (Doc. 12) to correct the record and to deny Rohland's motion (Doc. 10) *in limine* as moot. Further, the court will deny all of Rohland's other motions as moot.

## II. <u>Conclusion</u>

For the foregoing reasons, the court will adopt the report and recommendation (Doc. 13) of the Magistrate Judge, deny Rohland's petition (Doc. 1) for writ of habeas corpus, deny Rohland's motion (Doc. 12) to correct the record, and deny all of Rohland's other motions (Docs. 10, 19, 22, 26, 27, 28, 29, 30, 40, 46, 52, 58, 64, 65) as moot.

     S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: August 22, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM ROHLAND** | : | **CRIMINAL NO. 1:12-CV-2306** |
| **Petitioner** | : | |
| v. | : | (Judge Conner) |
| **DEPUTY SUPER. MIKE WENEROWICZ, et al.** | : | |
| **Respondents** | : | |

## **ORDER**

AND NOW, this 22nd day of August, 2013, upon consideration of the Magistrate Judge's report (Doc. 13) recommending that William Rohland's ("Rohland") petition (Doc. 1) for writ of habeas corpus, motion (Doc. 10) *in limine*, and motion (Doc. 12) to correct record be denied, and upon further consideration of Rohland's objections to the report (Docs. 44, 45), and upon further consideration of the numerous *pro se* motions filed by Rohland, and, following an independent review of the record, it is hereby ORDERED that:

1. The report and recommendation (Doc. 13) of the Magistrate Judge are ADOPTED.

2. Rohland's petition (Doc. 1) for writ of habeas corpus is DENIED.

3. Rohland's motion (Doc. 12) to correct record is DENIED.

4. The following motions are DENIED as MOOT: Motion *in Limine* (Doc. 10), Motion *in Limine* (Doc. 19), Motion to Appoint Counsel (Doc. 22), Motion for Unrestricted View of Original Papers (Doc. 26), Motion for Judge to Review Only Original Papers or Certified Copies (Doc. 27), Motion to Produce Document (Doc. 28), Motion to Suppress Document (Doc. 29), Motion to Clarify (Doc. 30), Second Motion to Appoint Counsel (Doc. 40), Motion to Compel to Produce Documentation (Doc. 46), Motion for Writ of Mandamus (Doc. 52), Motion to Appoint Counsel (Doc. 58), Motion for Immediate Cease and Desist Order (Doc. 64), Motion for Immediate Restraining Order (Doc. 65).

5. The Clerk of the Court is directed to CLOSE the case.

6. There is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge