# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM ROHLAND,** | : | CIVIL ACTION NO. 1:12-CV-2306 |
| Petitioner | : | |
| v. | : | **(Chief Judge Conner)** |
| **DEPUTY SUPER. MIKE WENEROWICZ and THE PENNSYLVANIA ATTORNEY GENERAL** | : | |
| Respondents | : | |

## ORDER

AND NOW, this 11th day of September, 2013, upon consideration of the following motions filed *pro se* by petitioner William Rohland ("Rohland"): (1) motion for reconsideration (Doc. 72) of this court's order dated August 22, 2013[1] (Doc. 71); (2) motion to appoint counsel (Doc. 73); (3) request for certificate of appealability (Doc. 78) on a prior Rule 60(b) motion (Doc. 12); (4) Rule 60(b) motion[2] (Doc. 79); and

---

[1] The court's order dated August 22, 2013 (Doc. 71) adopted the Report and Recommendation of Magistrate Judge Blewitt (Doc. 13), denied Rohland's petition for a writ of habeas corpus (Doc. 1) and motion to correct record (Doc. 12), and further denied all other motions as moot (Docs. 10, 19, 22, 26, 27, 28, 29, 30, 40, 46, 52, 58, 64, 65).

[2] Rohland argues that the judgment denying his first habeas corpus petition should be opened under (1) Rule 60(b)(5) for denial of due process where no hearing was held on the petition; (2) Rule 60(b)(1) due to a mistake in the record before the court; and (3) Rule 60(b)(6) also for denial of due process and the inability to correct the record before the court and from the underlying state conviction. (Doc. 79).

(5) several requests related to the motion for reconsideration,[3] and the court

concluding that each motion is without merit for the reasons explained herein,[4] and

that the motion to appoint counsel (Doc. 73) and each of the requests related to the

---

[3] Rohland submitted additional documents pertaining to the motion for reconsideration, including "notice for reconsideration of motions and merits of case and request for extension of time for proper presentation" (Doc. 75), request for stay (Doc. 76), request for immediate hearing (Doc. 77), a second request for appointment of counsel (Doc. 80), and objection to evidence in reconsideration (Doc. 81).

[4] The purpose of a motion for reconsideration is to present newly discovered evidence or to correct manifest errors of law or fact. See Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A request, however, that the court simply rethink a decision it has already made is not proper grounds for a motion for reconsideration. See Douris v. Schweiker, 229 F.Supp. 2d 391, 408 (E.D. Pa. 2002). Rohland asks the court to reconsider only the motions dismissed as moot due to the denial of the petition and does not present newly discovered evidence or seek to correct any manifest errors of law or fact.

A Rule 60(b) motion is within the court's jurisdiction when it attacks a defect in the federal habeas corpus proceedings and not the court's decision on the merits. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the decision to grant a hearing on a habeas corpus petition is left to the discretion of the court, subject to certain restrictions. See Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Morris v. Beard, 633 F.3d 185, 193 (3d Cir. 2011). The court's denial of a petition without a hearing is proper where there is no showing that petitioner's constitutional rights were denied. See Pennsylvania *ex rel*. Goins v. Rundle, 338 F.2d 1015 (3d Cir. 1964). The court's order (Doc. 71) decided on the merits that Rohland's petition did not raise a constitutional claim and only challenged the validity of his life sentences due to mistakes in the state proceedings. Rohland also did not provide evidence of an incorrect record before the court and, therefore, Rohland cannot reopen the court's decision on the petition through a Rule 60(b) motion.

Regarding Rohland's first 60(b) motion, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Rohland, however, does not allege the denial of any constitutional right.

motion for reconsideration is moot as a result of this order, it is hereby ORDERED

that:

1. Rohland's motion for reconsideration (Doc. 72) of Documents 10, 19, 22, 26, 27, 28, 29, 30, 40, 46, 52, 58, 64, and 65 is DENIED.

2. Rohland's Rule 60(b) motion (Doc. 79) is DENIED.

3. The request for a certificate of appealability (Doc. 78) on Rule 60(b) motion (Doc. 12) is DENIED.

4. The remaining motions to appoint counsel (Docs. 73, 80), notice for reconsideration and request for extension of time (Doc. 75), request for stay (Doc. 76), request for immediate hearing (Doc. 77), and objection to evidence in reconsideration (Doc. 81) are hereby DENIED as moot.

5. Successive motions for reconsideration will not be entertained in the above action and the Clerk of Court is DIRECTED to refrain from accepting the same.

       /S/ CHRISTOPHER C. CONNER
       CHRISTOPHER C. CONNER
       Chief Judge, Middle District of Pennsylvania